IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANKUS, L.L.C.,                  § | |
|     *Plaintiff*,             § | |
| § | |
| v.                              § | |
| § | Civil Action No. 4:25-cv-01189 |
| WELLS FARGO BANK, N.A., LLC,    § | |
| DANIEL GALICIA, JR., and THE    § | |
| DEPARTMENT OF HOUSING AND       § | |
| URBAN DEVELOPMENT,              § | |
|     *Defendants*.           § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE**

Please restate the instruction before furnishing the information.

1. State when and how the meeting of the parties required by Rule 26(f) was held, and identify the counsel or self-represented litigant who attended for each party.

   **On May 21 & 27, 2025, the undersigned counsel conferred by email and telephone. Jerry L. Schutza appeared for Plaintiff Ankus, L.L.C. (Plaintiff"). Chris Garcia appeared for Defendant Wells Fargo Bank, N.A. ("Defendant").**

2. List the cases related to this one that are pending in any state or federal court, with the case number and court, and state how the cases are related.

   **None known at this time.**

3. <u>Briefly</u> describe what this case is about.

   **Plaintiff seeks declaratory and injunctive relieve to preclude the foreclosure sale of the residential property located at 20718 Highland Hollow Lane, Houston, Texas 77073 (the "Property"). Plaintiff purchased the Property at a homeowner's association foreclosure sale in September, 2018. Plaintiff claims that a document titled "Partial Claims Mortgage" which purports to create a lien on the Property is void because it was signed by Daniel Galicia, Jr., who was the prior owner of the Property. Plaintiff also alleges that the statute of limitations to foreclose Defendant Wells Fargo Bank, N.A. ("Wells Fargo")'s first lien Deed of Trust has lapsed. Plaintiff seeks declaratory and injunctive relief as well as attorney's fees.**

   **Defendant Wells Fargo denies each and every allegation to set forth in the Plaintiff's live pleading and further denies that Plaintiff is entitled to any of the requested relief.**

1

        **Defendant further alleges, among other things that Plaintiff fails to state a claim upon which relief can be granted, and therefore, each of Plaintiff's claims should be dismissed. Defendant contends that the relevant Woodcreek Declaration of Covenants ("HOA Declaration") subordinates Woodcreek's lien to Wells Fargo's lien to secure the loan on the Property. Defendant also contends that the statute of limitations to foreclose has not run, because Daniel Galicia, Jr. reinstated his loan with Wells Fargo in 2021 and made payments on the loan through May of 2023. Defendant maintains that it is within its right to foreclose on the Property as of this date.**

4. Specify the allegation of federal jurisdiction.

   **This case is based diversity jurisdiction under 28 U. S. Code Sec. 1332.**

5. Identify the parties who disagree and the reasons.

   **Plaintiff Ankus L.L.C. disagrees that there is complete diversity and is in the process of filing a Motion to Remand. Defendant maintains that there is complete diversity amongst the parties, as Daniel Galicia, Jr. was improperly joined to this action. and that the deadline to file a motion to remand for any other reason has passed.**

6. Identify any issues as to service of process personal jurisdiction, or venue.

   **This case was originally filed by Plaintiff in the 125th District Court of Harris County, Texas, on March 3, 2025. The Original Petition named three Defendants, Wells Fargo Bank, N.A. (the first lienholder), Daniel Galicia, Jr. (the former owner of the Property) and the Department of Housing and Urban Development (the named lender in the Partial Claims Mortgage filed in the Harris County Property Records which claims to secure an obligation by a second lien). Wells Fargo filed a Notice of Removal on March 13, 2025. After the case was removed to this Court, Plaintiff has served the two other Defendants who have not filed an Answer.**

7. List anticipated additional parties that should be included and when they can be added, and identify any class or collective – action certification issues.

   **It is not anticipated that any other parties will be included in this case. There are no class or collective action issues.**

8. State whether each party has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures and the dates.

   **Plaintiff will file its Initial Disclosures on or before May 30, 2025. Wells Fargo will file its Disclosures by June 4, 2025.**

9. If the case includes a claim for attorneys' fees, state whether the parties agree to submit the fees issue to the court for resolution on affidavits or declarations, after the other issues are resolved.

**To the extent that attorneys' fees may be recoverable, the parties would agree to submit the fees issue to the court if necessary.**

10. Describe the proposed discovery plan, including:

    A. Responses to the matters raised in Rule 26(f), including any agreements reached concerning electronic and other discovery and any disputed issues relating to electronic and other discovery.

       **The parties will produce documents in PDF format.  Each party agrees to accept service by email.**

    B. When and to whom the plaintiff anticipates it may send interrogatories and requests for production.

       **Plaintiff plans to send Requests for Production of Documents to Defendant Wells Fargo on May 27, 2025. Plaintiff may serve Interrogatories upon Defendant before the close of discovery.**

    C. When and to whom the defendant anticipates it may send interrogatories and requests for production.

       **Defendant Wells Fargo may serve Requests for Admission, Interrogatories and Requests For Production upon Plaintiff before the close of discovery and may do so by July 14, 2025.**

    D. Of whom and by when the plaintiff anticipates taking oral depositions, and whether they can be done by remote means, such as by zoom.

       **Plaintiff may depose the Defendant Wells Fargo Bank, N.A.'s representative before the close of discovery.**

    E. Of whom and by when the defendant anticipates taking oral depositions, and whether they can be done by remote means, such as by zoom.

       **Defendant Wells Fargo may depose the Plaintiff's Representative before the close of discovery.**

    F. Any threshold issues – such as limitations, jurisdiction, or immunity – that should be scheduled for early resolution, what discovery targeted to those issues may need to occur early, and how long this targeted discovery will take.

       **No other issues except for Plaintiff's Motion To Remand. Defendant opposes any Motion to Remand.**

    G. Any experts needed on issues other than attorneys' fees.

       **None anticipated.**

3

H. If medical experts are needed, whether they are only treating physicians or also designated on other issues.

**Not applicable.**

I. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and to provide their reports.

**The parties do not anticipate any experts other than possibility on the issue of attorneys' fees.**

J. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date, and whether they can be done by remote means, such as by zoom. See Rule 26(a)(2)(B) (expert report).

**If an expert on anything other than attorneys' fees is designated, Plaintiff intends to depose any designated experts before the close of discovery.**

K. List expert depositions the opposing party anticipates taking and their anticipated completion date and whether they can be done by remote means, such as by zoom. See Rule 26(a)(2)(B) (expert report).

**If any expert other than attorneys' fees is designated, Defendant intends to depose any designated expert before the close of discovery.**

L In a case involving parties that are unincorporated entities, such as an LLC or LLP, state the citizenship of every member and file an affidavit or declaration setting out the citizenship of every member.

**Plaintiff is a Texas Limited Liability Company. Its sole Member/Manager is David Klein, a United States citizen and a Texas Resident. His address is 6602 Spring Cypress Road, Spring, Texas 77379.**

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

**N/A.**

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

**None.**

13. State the date the planned discovery can reasonably be completed.

    **The parties believe discovery planned at this time can reasonably be completed by November 14, 2025.**

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting or have emerged since then.

    **The parties have discussed settlement and will continue settlement discussions.**

15. From the attorneys discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and when they are likely to be effective in this case.

    **At the present time the parties believe that negotiations between the parties and their attorneys is best suited in this case. The parties may consider formal mediation as a viable option if they are unable to reach an agreement.**

16. Magistrate judges may now hold jury and non-jury trials with the consent of all parties. Indicate the parties' joint position on a trial before Judge Sam Sheldon.

    **The parties do not consent to trial before the magistrate judge.**

17. State whether a jury demand has been made and if it was made on time.

    **No jury demand has been made.**

18. Specify the number of hours it will likely take to present the evidence.

    **The parties anticipate that 1-2 days will be required for trial.**

19. List pending motions that may be ruled on at the initial pretrial and scheduling conference.

    **None.**

20. List other pending motions.

    **None.**

21. List issues or matters, including discovery, that should be addressed at the conference.

    **None.**

22. Certify that all parties have filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.

    **Both parties have filed a Certificate of Interested Parties.**

23. List the. Name bar numbers, addresses, and telephone number of all counsel and unrepresented parties.

   **Attorney for Plaintiff**

   **Jerry L. Schutza**
   **SBN: 17853800**
   **808 Travis St. Suite 1005**
   **Houston, Texas 77002**
   **713-963-9988 Telephone**

   */s Jerry Schutza*_____   **May 27, 2025**_____
   **Counsel for Plaintiff(s)**              **Date**


   **Attorneys for Defendant**

   **Troutman Pepper Locke LLP**
   **B. David L. Foster**
   **SBN: 24031555**
   **Christopher G. Garcia**
   **SBN: 24120840**
   **300 Colorado Street, Ste. 2100**
   **Austin, Texas 78701**
   **(512) 305-4700**
   **(512) 305-4800 Facsimile**
   **david.foster@troutman.com**
   **chris.garcia@troutman.com**

   **Robert T. Mowrey**
   **SBN: 14607500**
   **2200 Ross Avenue, Ste. 2800**
   **Dallas, Texas 75201**
   **(214) 740-8000**
   **(214) 740-8800 Facsimile**
   **rob.mowrey@troutman.com**

   */s/ Christopher G. Garcia*_____   **May 27, 2025**_____
   **Counsel for Defendant(s)**              **Date**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document was served May 27, 2025, as indicated below to the following and to each counsel of record registered with the e-filing system:

**VIA E-MAIL**
Jerry L. Schutza
815 Walker, Suite 1453
Houston, Texas 77002
schutzalaw@yahoo.com
*Attorney for Plaintiff*

                                             */s/ Christopher G. Garcia*
                                             Christopher G. Garcia